IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN DONNELL MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-164 (MN) |
| | ) | |
| DELAWARE DIVISION OF CHILD SUPPORT SERVICES (DCSS), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Kevin Donnell Murphy, Pro Se Plaintiff, Baltimore, MD

September 9, 2026
Wilmington, Delaware

Maryellen Noreika
**NOREIKA, U.S. DISTRICT JUDGE**

On February 12, 2026, Plaintiff Kevin Donnell Murphy ("Plaintiff"), who appears pro se and has been granted leave to proceed *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 (D.I. 2).[1] This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The following facts are taken from the complaint and assumed to be true for purposes of screening. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues the following Defendants: Andreza Peticacis, Employee and Mediator, Delaware Family Court; Michelle Hoffman, Administrator, Delaware Family Court; Theodore Mermigos, Division Director Delaware Department of Health and Social Services Division of Child Support Services; Deborah Germaine Guerin, Private Individual and Custodial Parent; Gladys Sewell, Operations Officer – CSE Special I Department of Health and Social Services Division of Child Support Services; Julie Shahan, Director Department of Health and Social Services Division of Child Support Services; Richardson-Grable, Employee/Approving Official Department of Health and Social Services Division of Child Support Services; State of Delaware, Family Court; and Delaware Department of Child Support Services alleging violations of Title IV-D of the Social Security Act (42 U.S.C. §§ 651-669b); 42 U.S.C. § 1983; his Fifth and Fourteenth Amendments rights; the False Claims Act (31 U.S.C. §§ 3729-3733); and federal common law governing fraud,

---

[1] This case is one of five cases filed by pro se Plaintiff Kevin Donnell Murphy who has been granted leave to proceed *in forma pauperis* as follows: *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-690-MN (2024); *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-717-MN (2024); *Kevin Donnell Murphy v. Amy Anthony, et al.*, C.A. No. 24-849-MN (2024); *Kevin Donnell Murphy v. Kathleen Jennings*, C.A. No. 24-1246-MN (2024); and *Kevin Donnell Murphy v. Delaware Division of Child Support Services*, C.A. No. 26-164 (MN) (2026). The apparent issue in all of the suits stem from Plaintiff's child support obligations.

misuse of federal funds, and due process. (D.I. 2 at 1-2, 7-11). Plaintiff contends that "the State failed to maintain distinct [child support] obligations for each child, continuing to collect support for Devin Ryan Murphy after he reached the age of majority and graduated high school . . . caus[ing] automatic overpayment and collection of funds without legal authority." (*Id*. at 6-7). He alleges that this violates Title IV-D of the Social Security Act and his constitutional due process rights and that "enforcement for an ineligible child is void and constitutes unlawful deprivation of property." (*Id*.).

Plaintiff seeks the following relief:

"1 Declare all obligations for ineligible children unenforceable

2 Recalculate obligations for eligible children only

3 Direct reimbursement for all overpayments

4 Enjoin defendants from future unlawful enforcement

5 Award compensatory and punitive damages

6 Order attorney's fees and costs

7 Require investigation into administrative and federal compliance

8 Grant any other relief deemed just and proper."

(*Id*. at 12).

## II. <u>LEGAL STANDARD</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v.*

*County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III. **DISCUSSION**

The Family Court of the State of Delaware is a state entity, and the Delaware Department of Child Support Services is an agency of the State of Delaware and they are, therefore, immune from suit. "Absent a state's consent, the [E]leventh [A]mendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity); *see also Trammell v. Court of*

*Common Pleas Sussex County Courthouse*, 2016 WL 7107224 (D. Del. Dec. 5, 2016). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).

All of the individual state employee defendants are named in their official capacities and are also entitled to sovereign immunity as to any damages claims. *Hunter v. Pennsylvania Department of Corrections*, No. 24-3182, 2025 WL 1218252, *2 (3d Cir. Apr. 28, 2025) ("Sovereign immunity also extends to employees of state agencies sued for damages in their official capacity."). As to any remaining declaratory or injunctive claims against the individual state defendants, Plaintiff has failed to allege their personal involvement in any constitutional injury. "The personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has failed to do so.

As to Deborah Germaine Guerin, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. As noted, Deborah Germaine Guerin is a "private individual and custodial parent" and, therefore, is not "clothed with the authority of state law." (D.I. 2 at 9).

## IV. CONCLUSION

For the foregoing reasons, the Complaint be dismissed with prejudice as to the State of Delaware, Family Court, Delaware Department of Child Support Services and Deborah Germaine Guerin and without prejudice to the remaining defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Although the Court is doubtful that Plaintiff can state viable claims against the individual state defendants, he will be given leave to file an amended complaint. An appropriate order follows.